**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4093

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ALEXANDER HUGHES, JR., a/k/a Curly,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, Senior District Judge. (CR-94-15)

Submitted: September 1, 2004      Decided: September 21, 2004

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Harding, TWYMAN & HARDING, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Alexander Hughes, Jr., appeals the district court's judgment revoking his term of supervised release and imposing a term of imprisonment of twenty-four months. Finding no error, we affirm.

Hughes asserts the district court erred in concluding he violated the terms of his supervised release without considering the affidavit or testimony of Rebecca Dennison. This court reviews a revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43. The Government's evidence was sufficient to establish by a preponderance of the evidence that Hughes violated the terms governing his supervised release. See 18 U.S.C. § 3583(e)(3) (2000). Further, the district court did not abuse its sound discretion by excluding Dennison's affidavit from evidence. See United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Moreover, Hughes' claim that the district court acted prejudicially because it failed to grant a continuance to hail Dennison into court to testify is unsupported by the record. Thus, this claim lacks merit.

Hughes further contends that the district court failed to find that the United States Probation Officer Michael Hill engaged in the unauthorized practice of law when he filed the revocation petition. Specifically, Hughes claims that the plain and clear language of 18 U.S.C. §§ 3603(8)(B), (9) (2000), only allows a

- 2 -

probation officer to report violations to the court and prohibits a probation officer from petitioning the court for revocation of supervised release. However, Hughes' claim is meritless because the statute does not prohibit the probation officer from petitioning the court; in fact, 18 U.S.C. § 3603(8)(B) directs the probation officer to immediately report any violation of the conditions of release to the court. Therefore, the district court did not plainly err in failing to find that Probation Officer Hill exceeded the authority of his office by filing a petition to revoke Hughes' term of supervised release. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731 (1993); Fed. R. Crim. P. 52(b).

Accordingly, we affirm the revocation of Hughes' supervised release and the consequent imposition of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>